IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. GLR-20-3512 |
| | * | |
| PAUL MICHAEL POLANSKY, | * | |
| | * | |
| Defendant. | * | |
| | ***** | |

## MEMORANDUM OPINION

Self-represented Plaintiff Anthony Harris, an inmate at the Maryland Correctional Institution in Jessup, Maryland, is suing Defendant Michael Paul Polansky for legal malpractice, breach of duty, negligence, bad faith, unjust enrichment, and intentional infliction of emotional distress, which collectively have caused Harris "egregious irreparable harm." (Compl. at 2, ECF No. 1).[1] For the reasons set forth below, the Court will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   BACKGROUND[2]

Harris alleges that Polanksy, an attorney, committed legal malpractice, breach of duty, negligence, bad faith, unjust enrichment, and intentional infliction of emotional

---

[1] Harris's Complaint is accompanied by a Motion for Leave to Proceed in forma pauperis. (ECF No. 2). The Court will grant the Motion based on the financial information presented in Harris's affidavit.

[2] Unless otherwise noted, the Court takes the following facts from Harris's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

distress, which together have caused Harris "egregious irreparable harm." (Compl. at 2). The dispute appears to arise from Polansky's representation of Harris during the criminal proceedings that led to Harris's incarceration. (See id. at 4–6). Harris further asserts that the Attorney Grievance Commission issued a reprimand to Polansky to "maintain proper accounting practice with client funds." (Id. at 2). Harris also references a contract action he filed against Polansky in 2015 in the District Court for Baltimore City, Maryland. See Harris v. Polansky, Case No. 010100297122015 (Md. Dist. Ct. filed Dec. 23, 2015). The court entered judgment in favor of Polanksy less than two months after the case was filed. See id. (Md. Dist. Ct. Feb. 22, 2016).

## II.     DISCUSSION

### A.     Standard of Review

The in forma pauperis statute permits an indigent litigant to commence an action without prepaying the filing fee. See 28 U.S.C. § 1915(a)(1). The statute requires dismissal if the complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii); see also Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)). Further, "[t]he Court cannot act as a pro se litigant's 'advocate and develop, sua sponte, statutory and constitutional claims' that the litigant failed to raise on the face of the complaint." Branch v. Machen, No. 3:14-CV-708, 2014 WL 6685497, at *2 (E.D.Va. Nov. 25, 2014) (quoting Newkirk v. Circuit Court of Hampton, No. 3:14-CV-372, 2014 WL 4072212, at *1 (E.D.Va. Aug. 14, 2014)).

**B.   Analysis**

Construed liberally and assuming the allegations to be true, the Complaint fails to state a cognizable federal claim. Legal malpractice, breach of duty, negligence, bad faith, unjust enrichment, and intentional infliction of emotional distress are all causes of action

arising under state law. The Complaint contains conclusory allegations, unsupported by facts, which fail to suggest a violation of federal law or the Constitution of the United States.

To the extent Harris may intend to state a civil rights claim under 42 U.S.C. § 1983, that claim must fail. As an initial matter, Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). In order for a plaintiff to sustain an action under § 1983, he must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Harris does not allege that Polanksy violated his constitutional rights or federal law or acted under color of law. An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law. See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317–324 & nn. 8–16 (1981) (public defender). Therefore, Polanksy is not amenable to suit under § 1983. As such, the Complaint fails to state a claim.

## III.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii).[3] A separate Order follows. Entered this 11th day of December, 2020.

/s/
George L. Russell, III
United States District Judge

---

[3] Unless a prisoner is in imminent danger of serious physical injury, he is barred from proceeding in forma pauperis if he has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Thus, this dismissal will count as one "strike" against Harris under § 1915(g); Harris is permitted only two additional dismissals before he must demonstrate extraordinary circumstances in order to be exempted from prepaying filing fees in full.